UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT BOWLING GREEN
CIVIL ACTION NO. 1:12CV-P167-M

**JIMMY ALLEN NORRIS**                                                                                           **PLAINTIFF**

v.

**ADAM JACKSON et al.**                                                                                        **DEFENDANTS**

**MEMORANDUM OPINION**

Plaintiff, Jimmy Allen Norris, initiated this civil-rights action pursuant to 42 U.S.C. § 1983. This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997). For the reasons set forth below, the action will be dismissed in part and allowed to proceed in part.

**I. SUMMARY OF CLAIMS**

Plaintiff, a pretrial detainee incarcerated at the Warren County Regional Jail (WCRJ), sues WCRJ Deputy Adam Jackson in his individual and official capacities. He also names as Defendants the WCRJ and Deputy "John Doe." He alleges that "[o]n 8-1-12 around 3 a.m. Mr. Jackson entered my room and had his hands under my covers." He cites the "Eighth Amendment (cruel [and] unusual punishment) sexual harrasment and Fourteenth Amendment." He also states, "Mr. Jackson has entered my room serval times after lock down and continues to wake me throughout the night." Plaintiff asks for monetary and punitive damages and injunctive relief.

**II. ANALYSIS**

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court

determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §§ 1915A(b)(1) and (2). A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

***Claim against John Doe***

The complaint makes no allegations against "John Doe." Some factual basis for each claim must be set forth in the pleadings. *Chapman v. City of Detroit*, 808 F.2d 459, 465 (6th Cir. 1986). The specific facts must explain how a defendant is personally responsible for the alleged injuries. *Smith v. Rowe*, 761 F.2d 360, 369 (7th Cir. 1985). Plaintiff's complaint fails to do so with regard to Defendant John Doe. As such, the claim against John Doe will be dismissed for a failure to state a claim. *See Copeland v. Machulis*, 57 F.3d 476, 481 (6th Cir. 1995) (per curiam) (stating that personal involvement by the defendant is an essential element in a § 1983 cause of action asserting a constitutional deprivation).

*Official-capacity claim against Defendant Jackson and claim against WCRJ*

If an action is brought against an official of a governmental entity in his official capacity, the suit should be construed as brought against the governmental entity.  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).  Therefore, in the case at bar, Plaintiff's claims against Defendant Jackson, an employee of WCRJ, in his official capacity are actually brought against the Warren County government.  *See Matthews v. Jones*, 35 F.3d 1046, 1049 (6th Cir. 1994).

When a § 1983 claim is made against a municipality, a court must analyze two distinct issues:  (1) whether the plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation.  *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992).  The Court will consider these issues in reverse order.

 "[A] municipality cannot be held liable *solely* because it employs a tortfeasor – or, in other words, a municipality cannot be held liable under § 1983 on a *respondeat superior* theory." *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978); *Searcy v. City of Dayton*, 38 F.3d 282, 286 (6th Cir. 1994); *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994).  "[T]he touchstone of 'official policy' is designed 'to distinguish acts of the *municipality* from acts of *employees* of the municipality, and thereby make clear that municipal liability is limited to action for which the municipality is actually responsible.'"  *City of St. Louis v. Praprotnik*, 485 U.S. 112, 138 (1988) (quoting *Pembaur v. Cincinnati*, 475 U.S. 469, 479-80 (1986)) (emphasis in *Pembaur*).

A municipality cannot be held responsible for a constitutional deprivation unless there is a direct causal link between a municipal policy or custom and the alleged constitutional

deprivation.  *Monell*, 436 U.S. at 691; *Deaton v. Montgomery County, Ohio*, 989 F.2d 885, 889 (6th Cir. 1993).  Simply stated, the plaintiff must "'identify the policy, connect the policy to the city itself and show that the particular injury was incurred because of the execution of that policy.'"  *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993) (quoting *Coogan v. City of Wixom*, 820 F.2d 170, 176 (6th Cir. 1987), *overruled on other grounds*, *Frantz v. Village of Bradford*, 245 F.3d 869 (6th Cir. 2001)).  The policy or custom "must be 'the moving force of the constitutional violation' in order to establish the liability of a government body under § 1983."  *Searcy*, 38 F.3d at 286 (quoting *Polk County v. Dodson*, 454 U.S. 312, 326 (1981) (citation omitted)); *Bd. of County Comm'rs of Bryan County, Okla. v. Brown*, 520 U.S. 397, 404 (1997) (indicating that plaintiff must demonstrate "deliberate conduct").  The complaint does not allege a constitutional violation as a result of a policy or custom of Warren County.  The Court will dismiss the official-capacity claim against Defendant Jackson and against the WCRJ.

***Individual-capacity claims against Defendant Jackson***

The complaint cites to the "Eighth Amendment (cruel [and] unusual punishment) sexual harrasment and Fourteenth Amendment."  Plaintiff is a pretrial detainee.  Due process requires that a pretrial detainee not be punished.  "A sentenced inmate, on the other hand, may be punished, although that punishment may not be 'cruel and unusual' under the Eighth Amendment."  *Bell v. Wolfish*, 441 U.S. 520, 537 n.16 (1979).  "Because the Cruel and Unusual Punishments Clause 'is concerned' with punishment by the state 'after it has secured a formal adjudication of guilt in accordance with due process of law,' it does not apply to pretrial detainees."  *Spencer v. Bouchard*, 449 F.3d 721, 727 (6th Cir. 2006) (footnote and citations omitted).  "However, state pretrial detainees are shielded from cruel and unusual punishments by

4

the Fourteenth Amendment's Due Process Clause, which provides similar if not greater protections than the Cruel and Unusual Punishments Clause." *Id.* (footnote and citations omitted). Therefore, Plaintiff's claim falls under the Fourteenth Amendment, not the Eighth Amendment. However, the Sixth Circuit applies the Eighth Amendment standard to pretrial detainees "for the sake of simplicity." *Id.*

Not all unwanted touching by a prison official results in a constitutional violation. *See*, *e.g.*, *Jackson v. Madery*, 158 F. App'x 656, 661-62 (6th Cir. 2005) (per curiam) (correction officer's conduct in allegedly rubbing and grabbing prisoner's buttocks in degrading manner was "isolated, brief, and not severe" and so failed to meet Eighth Amendment standards); *Johnson v. Ward*, No. 99–1596, 2000 WL 659354, at *1 (6th Cir. May 11, 2000) (male prisoner's claim that a male officer placed his hand on the prisoner's buttock in a sexual manner and made an offensive sexual remark did not meet the objective component of the Eighth Amendment); *Berryhill v. Schriro*, 137 F.3d 1073, 1076 (8th Cir. 1998) (where inmate failed to assert that he feared sexual abuse, two brief touches to his buttocks could not be construed as sexual assault).

However, reading the complaint liberally, and especially given the complaint's allegation that the behavior in question is ongoing, the Court will allow the Fourteenth Amendment claim against Defendant Jackson in his individual capacity to go forward.

### III. CONCLUSION

For the foregoing reasons, the Court will enter a Scheduling Order to govern the development of the Fourteenth Amendment claim against Defendant Jackson in his individual

capacity. Also by separate Order, the Court will dismiss "John Doe" and WCRJ as Defendants and dismiss the official-capacity claim against Defendant Jackson and the Eighth Amendment claims.

Date: October 5, 2012

                                            **Joseph H. McKinley, Jr., Chief Judge**
                                                **United States District Court**

cc:     Plaintiff, *pro se*
       Defendants
       Warren County Attorney
4414.009